## ROBERT McCLELLAND v. BETTIE McCLELLAND.

1. FOREIGN GUARDIAN. *Authority to file bill.* A guardian who resides in
   another State with his wards, and has been regularly and properly
   appointed and qualified in such State, may file his bill in this State
   for the sale of real estate belonging to his wards.

2. SAME. *Terms upon which he is allowed to receive funds.* While the foreign
   guardian may procure the sale, he can only receive the funds arising
   therefrom upon the execution, in the court having control of them, of
   a bond, under the direction of such court, for their proper manage-
   ment and application.

FROM GIBSON.

Appeal from the Chancery Court.    JNO. L. WIL-
LIAMSON, Special Chancellor.

McClelland *v.* McClelland.

J. L. WILLIAMSON for complainant.

JONES & CARTHEL for defendant.

TURNEY, J., delivered the opinion of the court.

A guardian who resides in another State with his wards, and has been regularly and properly appointed and qualified in such State, may file his bill in this State for the sale of real estate belonging to his wards.

The guardian has the management and control of the person and property of the ward, supplies its necessities and directs its education with the means of the trust estate. It is for these twofold purposes that the law requires a guardian, who, unlike an administrator, has control of the entire estate, real and personal.

While the foreign guardian may procure the sale, he can only receive the funds arising therefrom upon the execution, in the court having control of them, of a bond, under the direction of such court, for their proper management and applicotion.

Ordinarily, the Chancery Court is the proper one to exercise the jurisdiction indicated.

Reverse the judgment and remand the cause.